

# THE ATTORNEY GENERAL

## OF TEXAS

AUSTIN 11, TEXAS

PRICE DANIEL
ATTORNEY GENERAL

January 22, 1952

Hon. Robert S. Calvert
Comptroller of Public Accounts
Austin, Texas

Opinion No. V-1391

Re: Existence of any appropri-
ation to pay the mileage
and per diem of witnesses
from another state com-
pelled to attend a crimi-
nal trial in Texas.

Dear Sir:

Your request for the opinion of this of-
fice is as follows:

"This department has received a
certificate from Judge G. C. Olsen,
District Judge of the 109th Judicial
District of Texas, issued under the
provisions of H.B. No. 659, passed by
the 52nd Legislature. This certifi-
cate orders this department to issue
warrants to three witnesses residing
in California to tender each of them
witness fees in advance of travel for
mileage and per diem in amounts stat-
ed in the certificate. The certifi-
cate states the witnesses are material
and are wanted in Reeves County in the
Case "State of Texas vs. John E. Welch",
in which the charge is murder with
malice aforethought. . . .

"This department requests an an-
swer as to whether there is money ap-
propriated for this payment? In the
event you find there is money appropri-
ated, would the certificate of the
judge be sufficient authority and con-
stitute a voucher for the issuance of
a warrant in advance of travel? In
the event your answer is in the affirm-
ative, to whom would the warrants be

issued and to whom would the warrants
be delivered?  It has been the policy
of this department not to pay until
the service has been performed."

The applicable provisions of the "Uniform
Act to Secure the Attendance of Witnesses from with-
out the State in Criminal Proceedings" (H.B. No. 659,
Acts 52nd Leg., 1951, ch. 441, p. 798; Art. 486a, V.
C. C. P.), are as follows:

"Sec. 4.  If a person in any state,
which by its laws has made provision for
commanding persons within its borders to
attend and testify in criminal prosecu-
tions, or grand jury investigations com-
menced or about to commence, in this
State, is a material witness in a prose-
cution pending in a court of record in
this State, or in a grand jury investiga-
tion which has commenced or is about to
commence, a judge of such court may issue
a certificate under the seal of the court
stating these facts and specifying the
number of days the witness will be requir-
ed.  Said certificate may include a recom-
mendation that the witness be taken into
immediate custody and delivered to an of-
ficer of this State to assure his attend-
ance in this State.  This certificate
shall be presented to a judge of a court
of record in the county in which the wit-
ness is found.

"If the witness is summoned to attend
and testify in this State he shall be ten-
dered the sum of Ten Cents (10¢) a mile for
each mile by the ordinary traveled route to
and from the court where the prosecution is
pending and Five Dollars ($5) for each day
that he is required to travel and attend as
a witness.  . . ."

After the certificate of the Texas court has
been issued, it is then forwarded to any Judge of a
court of record in the county in which the witness is
found and the proceedings thereafter are under the pro-
visions of Section 3 of the Act, which provides:

"Sec. 3. If a judge of a court of record in any state which by its laws has made provision for commanding persons within that state to attend and testify in this State certifies under the seal of such court that there is a criminal prosecution pending in such court, or that a grand jury investigation has commenced or is about to commence, that a person being within this State is a material witness in such prosecution, or grand jury investigation, and that his presence will be required for a specified number of days, upon presentation of such certificate to any judge of a court of record in the county in which such person is, such judge shall fix a time and place for a hearing, and shall make an order directing the witness to appear at a time and place certain for the hearing.

"If at a hearing the judge determines that the witness is material and necessary, that it will not cause undue hardship to the witness to be compelled to attend and testify in the prosecution or a grand jury investigation in the other state, and that the laws of the state in which the prosecution is pending, or grand jury investigation has commenced or is about to commence, (and of any other state through which the witness may be required to pass by ordinary course of travel), will give to him protection from arrest and the service of civil and criminal process, he shall issue a summons, with a copy of the certificate attached, directing the witness to attend and testify in the court where the prosecution is pending, or where a grand jury investigation has commenced or is about to commence at a time and place specified in the summons. In any such hearing the certificate shall be prima-facie evidence of all the facts stated therein.

"If said certificate recommends that the witness be taken into immediate custody

and delivered to an officer of the requesting state to assure his attendance in the requesting state, such judge may, in lieu of notification of the hearing, direct that such witness be forthwith brought before him for said hearing; and the judge at the hearing being satisfied of the desirability of such custody and delivery, for which determination the certificate shall be prima-facie proof of such desirability may, in lieu of issuing subpoena or summons, order that said witness be forthwith taken into custody and delivered to an officer of the requesting state.

"If the witness, who is summoned as above provided, after being paid or tendered by some properly authorized person the sum of Ten Cents (10¢) a mile for each mile by the ordinary traveled route to and from the court where the prosecution is pending and Five Dollars ($5) for each day that he is required to travel and attend as a witness, fails without good cause to attend and testify as directed in the summons, he shall be punished in the manner provided for the punishment of any witness who disobeys a summons issued from a court of record in this State." (Emphasis added)

Section 4, supra, provides that after the witness is summoned to attend and testify in Texas he shall be tendered the sum of 10¢ a mile for each mile by the ordinary travel route to and from the Court where the prosecution is pending and $5.00 for each day that he is required to travel and attend as a witness, which witness fees and mileage must be tendered to the witness at the time the summons is served upon him by some properly authorized person in the State where the witness is found.

You ask whether the Legislature has appropriated money for the payment of the witness fees provided for in House Bill 659.

The only appropriation for witness fees and mileage in criminal cases contained in the general appropriations Act is to be found in subsection 12 (Judiciary Section—Comptroller's Department) of Section 1, Article 1, House Bill 426, Acts 52nd Leg., 1951, ch. 499, p. 1228, which is as follows:

"For the Years Ending

| | August 31, 1952 | August 31, 1953 |
|---|---|---|
| "12. Expenses of attached witnesses, witness fees and mileage allowed witnesses in felony cases where the witness lives outside the county where the case is being tried | $40,000.00 | $40,000.00" |

Prior to 1951 appropriations in language identical with the above appropriation are to be found in each of the general appropriation Acts passed by prior Legislatures, except that the amounts appropriated vary from year to year. In this connection it should be noted that the amount appropriated for the fiscal year ending August 31, 1952 was reduced by one-third from the amount appropriated by the 51st Legislature in 1949 (H.B. 320, Acts 51st Leg., 1949, ch. 585, p. 1160).

The sums so appropriated have been subject to disbursement in accordance with the provisions of Articles 475 to 481, inclusive, and Article 1036 of Vernon's Code of Criminal Procedure, and have been confined to witness fees and mileage claimed by witnesses subpoenaed within the State of Texas under the provisions of Article 1036, V.C.C.P. Att'y Gen. Op. No. 0-4251 (1942).

The general appropriations act was passed on May 10, 1951, was approved June 28, 1951, and became effective on September 1, 1951. House Bill 659 was passed by the House on May 8, 1951, and by the Senate on May 30, 1951. It was approved by the Governor and became effective June 15, 1951. Since House Bill 659 was passed subsequent to the general appropriation bill, it is evident that it was not the legislative intent to appropriate any of the funds contained in subsection 12, Section 1 of Article 1 of the appropriation bill for the purpose of paying the mileage and per diem of the out-of-State witnesses

to be summoned under the provisions of House Bill 659. Therefore, the Legislature did not appropri- ate nor is there available any money for the pay- ment of such witness fees and mileage.

Your second question is as follows:

". . . In the event you find there is money appropriated, would the certifi- cate of the judge be sufficient author- ity and constitute a voucher for the is- suance of a warrant in advance of travel? . . ."

Although we have held that the Legislature did not appropriate any money for the payment of such witness fees and mileage, conceding, arguendo, that the funds appropriated for the expenses of attached witnesses, witness fees and mileage allowed witnesses in felony cases where the witness lives outside the county where the case is being tried, would be avail- able for the payment of such witness fees and mileage under the theory that witnesses residing outside of the State where the case is being tried are included within the category of witnesses outside the county where the case is being tried, nevertheless the cer- tificate of the Judge of the District Court of the 109th Judicial District of Texas is in our opinion in- sufficient authority for the issuance of a warrant in advance of travel.

In the enactment of House Bill 659 as a uni- form act, the Legislature made no provision for the method of securing the money which is required to be tendered the out-of-State witness at the time of the summons. However, the application of the statutory provisions which govern the disbursement of witness fees and mileage for out-of-county witnesses in felony cases to the disbursement of the same funds for out- of-State witnesses in felony cases, would necessitate the following procedure.

The officer of the out-of-State court of rec- ord who serves the summons upon the witness who is found within the jurisdiction of the out-of-State Court au- thorizing the summons, would have to secure from the wit- ness an affidavit of his inability from lack of funds to appear in obedience to said summons, whereupon the offi- cer executing the summons must provide the witness, if

the summons be issued in a felony case, with the necessary funds or means to appear in obedience thereto, taking his receipt therefor, and showing in his return upon said summons, under oath, the amount furnished to said witness.  Article 447, V.C.C.P.

The Judge of the out-of-State court of record from which the summons was issued, if issued in a felony case, immediately upon the return thereof must issue to such officer a certificate for the amount furnished the witness, together with the amount of his fees for executing the same, showing the amount of each item, which certificate should then be forwarded to the Judge of the District Court in Texas who issued the original certificate for the attendance of such witness.  Upon the approval by the District Judge the certificate must be recorded by the District Clerk in a book kept for that purpose and then transmitted to the officer who originally executed the summons, who must then forward it to the Comptroller of Public Accounts to be paid as other costs are paid in criminal matters. Articles 478 and 1035, V.C.C.P.  The balance of the mileage and witness fees due the witness for and after his attendance before the District Court in Texas would be paid in accordance with the provisions of Article 1036, V.C.C.P.

Section 44 of Article III of the Constitution of Texas provides that the Legislature shall not "grant, by appropriation or otherwise, any amount of money out of the Treasury of the State, to any individual, on a claim, . . . when the same shall not be provided for by preexisting law:  . . ."

Assuming, without deciding, that House Bill No. 659 is a valid and constitutional pre-existing law, the claim of the individual, that is, the witness, for the payment of mileage and witness fees provided for therein would not accrue until the service of summons upon him and could only be paid in accordance with the provisions of Article 1036, V.C.C.P., inasmuch as the Legislature failed to make provision in House Bill 659 for any other method of payment.

## SUMMARY

The 52nd Legislature failed to appropriate any money for the payment of witness and mileage fees for out-of-State witnesses to be summoned under the provisions of House Bill 659, Acts 52nd Leg. 1951, ch. 441, p. 798; Art. 486a, Vernon's Code of Criminal Procedure.

Yours very truly,

APPROVED:

E. Jacobson
Reviewing Assistant

Charles D. Mathews
First Assistant

CKR:wb

PRICE DANIEL
Attorney General

By C. K. Richards
Assistant